**2018 UT App 17**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF M.R., A.R.C., AND N.R.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

F.C.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170211-CA
Filed February 1, 2018

Third District Juvenile Court, Silver Summit Department
The Honorable Elizabeth M. Knight
No. 1099635

Asa E. Kelley, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1      F.C. (Mother) appeals the termination of her parental
rights. Mother argues that there was insufficient evidence to
support the juvenile court's determination that the Division of
Child and Family Services (DCFS) made reasonable efforts to
provide adequate reunification services.

¶2      "[I]n order to overturn the juvenile court's decision [to
terminate a person's parental rights,] 'the result must be against
the clear weight of the evidence or leave the appellate court with

a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.2d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* In regard to claims concerning the adequacy of reunification services, the juvenile court "has broad discretion in determining whether DCFS had made reasonable efforts at reunification." *In re A.C.*, 2004 UT App 255, ¶ 12, 97 P.3d 706. The reason for this discretion is that "[t]he factual situations that give rise to the termination of parental rights vary greatly; thus, the number, quality, and array of services that should be provided for reunification also vary greatly." *Id.* ¶ 11.

> Additionally, the trial court is in the best position to evaluate the credibility and competence of those who testify regarding the services that were provided, the parent's level of participation in such services, whether the services were properly tailored to remedy the specific problems that led to removal of the child, and whether the parent successfully accessed and then utilized such services to remedy those problems. Consequently, determining whether or not DCFS has provided "reasonable services" to parents requires trial judges to observe "'facts [ ]' . . . relevant to the application of the law that cannot be adequately reflected in the record available to appellate courts."

*Id.* ¶ 12 (citations omitted) (alteration and omission in original).

¶3    Mother's primary argument is that she was denied reasonable accommodations under the Americans with Disabilities Act (the ADA). *See* 42 U.S.C. § 12132 (2012).

However, Mother has failed to demonstrate that she preserved such a claim by requesting an accommodation. "[I]n order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted); *see also In re K.C.*, 2015 UT 92, ¶ 29, 362 P.2d 1248 (indicating that the juvenile court had no obligation to examine whether reasonable accommodations were made under the ADA until the parent actually "invoked" the ADA). Mother fails to demonstrate that she ever indicated to the juvenile court that she believed that the services offered to her did not adequately account for her disability, or that she otherwise objected to the services she was receiving. Accordingly, because Mother did not preserve the issue, and has not otherwise argued that an exception to the preservation rule applies in this case, we do not address the issue on appeal.

¶4     In regard to her broader argument, Mother fails to demonstrate that the juvenile court abused its discretion in finding that DCFS made reasonable efforts at reunification.[1] The evidence in the record supports the juvenile court's decision. For example, DCFS arranged for numerous evaluations to assist it in determining the services Mother needed, including three separate psychological evaluations,[2] drug tests, therapy, and

---

1. Services were eventually terminated by the juvenile court after several "aggravating circumstances" occurred causing the court to find that reunification services were no longer appropriate. Mother did not raise any issue concerning the juvenile court's decision to terminate services.

2. The psychological evaluators diagnosed Mother with an "intellectual disability" that would make it difficult for her to parent because Mother had an inability to adapt the things she

(continued…)

approximately seventy sessions of weekly Individualized Parent Child Interactive Therapy with the use of an interpreter. The record demonstrates that the services Mother received were extensive and meant to address Mother's parenting deficiencies from several different directions. Mother fails to adequately explain how the extensive services she received were unreasonable. Further, Mother fails to identify any objections she made to the juvenile court concerning the services she was receiving or any requests for additional services that she believed would have assisted her in regaining custody of her children. Accordingly, because evidence in the record supports the juvenile court's determination, and because of Mother's failure to identify any reasonable services that DCFS failed to offer her, she has failed to demonstrate that the juvenile court abused its discretion in finding that DCFS provided reasonable services to Mother.

¶5      Affirmed.

_____

(…continued)
was being taught to new situations. Accordingly, the evaluators concluded that Mother would likely not benefit from services.